IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADVANCED POWDER SOLUTIONS, INC., BUBBLETIGHT, LLC, AND SWM ENTERPRISES, LLC D/B/A INDUSTRIAL SUPPLY COMPANY, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § § | Civil Action No. 4:15-cv-02128 |
| ANDREW SHERMAN, TERVES INC., AND JAMES HUDDLESTON, | § § § § | |
| Defendants. | § § | |

**DEFENDANTS' SUPPLEMENTAL BRIEF ADDRESSING
PLAINTIFFS' RESPONSE TO COURT QUESTIONS**

TO THE HONORABLE SIM LAKE:

Plaintiffs' filing yesterday has created more questions than answers and much of the information submitted to this Court is already turning up serious questions about the credibility of Plaintiffs' claims.

**1.     Who is Thomas Fry?**

For the first time yesterday, Plaintiffs introduced a new mysterious character into their still-evolving story: a "computer expert" named Thomas Fry. Plaintiffs now say that it was Mr. Fry who tracked down and discovered the Green Turtle and convinced the Green Turtle to cooperate with Plaintiffs, in order to avoid being sued. No sworn statement or declaration from Mr. Fry was provided, and, similar to the information Plaintiffs provided about the Green Turtle's whereabouts, the address provided for Mr. Fry does not appear to be correct. Plaintiffs provided an address for Mr. Fry in Sweden. When that address is Googled, the address appears to be a bed-and-breakfast

operated by a gentleman named Dean Smith and his partner Brenda. The URL for the bed-and-breakfast is: http://www.swedish-getaways.com/#!contact/c24vq. Excerpts from this website are attached as Exhibit A. The address given on the bed-and-breakfast website is:

> **157 Tväråträsk 920 70,**
> **blattnieksele**
> **Vasterbotten,**
> **Sweden**

The address given by the Plaintiffs for "Thomas Fry" is:

> **157 Tvaratrask**
> **Blattnieksele**
> **Vasterbotten 92070**
> **Sweden**

It seems less than credible that the high-powered legitimate forensic investigator hired by the Plaintiffs to sniff out the "Green Turtle" and whose investigation the Plaintiffs' case entirely depends upon lives in a bed-in-breakfast in Sweden. Suspending disbelief, however, undersigned counsel attempted to contact Mr. Smith at the telephone numbers provided on the bed-and-breakfast website, reached a voicemail for Mr. Smith, and asked him to return the call. No return call has yet been received.

After the submissions made by Plaintiffs yesterday, it now appears from Plaintiffs' own proof that it was Mr. Fry, and not the Green Turtle, who sent the anonymous July 23, 2015 "guerillamail.com" email to John Noukas, which is attached to Mr. Noukas' affidavit as Exhibit A. The attachments to the July 23rd email include what appear to be Mr. Fry's editorial comments and answers to "Additional Questions" Fry asked of the Green Turtle. See Doc. 3-2 at 7, 8, 11. Importantly, this email appears to have been sent to Mr. Noukas from Mr. Fry from the anonymous "guerillamail.com" account to hide

his identify. This is not the type of communication one would expect from a legitimate/forensic expert and Plaintiffs' explanation as to who sent these documents has been wrong from day one.

Yesterday, Plaintiffs also provided the Court with two additional pages purportedly from Mr. Fry which begin with the statement, "**You can remove this part, but in my opinion GT is a young punk paranoid little shit who doesn't understand just how bad it can get**." Mr. Fry then goes on to describe Mr. Fry's alleged follow-up with the Green Turtle in light of inaccurate information he previously provided. These two new pages contain a brand-new version of the supposed financial trail of the alleged payments to the Green Turtle, including nine different financial institutions in eight countries. Here again, no sworn statement or declaration is offered of any of this new "evidence."  The information provided about "Green Turtle" identity and address turned up false as well. All of this information leads to the conclusion that Mr. Fry is the tail wagging the dog for this case.

Plaintiffs assert that Mr. Fry was hired by an employee of APS named "Craig," for whom no last name is given.  No explanation is offered for why "Craig" hired a "computer expert" in Sweden, for whom he did not have a correct address, instead of hiring one of the many qualified experts here in Houston.

**2.     The alleged email communications appear to be fake**

The documents that purport to be communications between the parties appear to be fakes. Defendants base this belief on the following:

### A. APS-4, 5, and 6 are not on any of the Defendants' computers

Immediately upon receiving these alleged emails (APS 00004-00006) that show communications between Mr. Huddleston and Anupam Ghildyal (APS 000004) as well as communications between Anupam Ghildyal and Andrew Sherman (APS-000005-6), Defendants checked their collected forensic image of Mr. Sherman's computer and his email accounts -- these emails were not there and no evidence exists that they were ever on Mr. Sherman's computer.  Mr. Huddleston reported the same.  See Ex. B (Response from Mr. Huddleston's counsel). This is exactly what happened when Defendants' forensic investigator searched Mr. Sherman's laptop and emails for the "Green Turtle" emails that were the basis for the Temporary Restraining Order in this case.

### B. The domain name in three of the emails is misspelled.

Computers don't make typos, humans do. If a person attempts to forge a document to mimic an email chain, any mistake in the email chain will expose the forgery. Whoever made these documents wasn't perfect, and they made a critical mistake and misspelled the correct name of Defendant's domain name.  This is no small error. Terves, Inc.'s email domain is "terv**e**sinc.com." (with an "e"). That domain is registered with the internet's DNS server system which, like a phone book, allows emails sent to Defendants' domain of @tervesinc.com to be routed from anywhere in the world to Defendants' email server.  If any mistake is made in the domain name, then the email can't be delivered and the sender will get the typical "email not-deliverable" error message. Whoever created these documents made the following mistake:

> From: James Huddleston [mailto:james.huddleston1201@gmail.com]
> Sent: Thursday, April 02, 2015 1:16 PM
> To: Anupam Ghildyal [mailto:aghildyal@tervisinc.com]
> Subject: Re: OTC
>
> Ok.
>
> Call me later with details.
>
> From: Anupam Ghildyal [mailto:aghildyal@tervisinc.com]
> Sent: Thursday, April 02, 2015 9:22 AM
> To: James Huddleston [mailto:james.huddleston1201@gmail.com]
> Subject: Re: OTC

APS-000004.

As can be seen here, the person that created this document wrote the domain name as @tervisinc.com by mistake (with an "i"). This email purports to also be sent from the "tervisinc.com" domain, but that domain is not registered to any user. Ex. C. The only natural conclusion is that these documents have been forged and are not actual communications. Once a single one of these emails is shown to be a forgery, all of Plaintiffs' case must be cast into doubt. The court must expose the source of these documents, and that source will likely be the person who put this whole case in motion.

### C. The "mailto" tag is evidence of a "cut and paste"

In addition to the misspelled domain names, the emails appear that someone cut and paste the Defendants' email addresses in the email chain.  Specifically, the emails have a "mailto:" prefix that is used on .html documents to allow for a "click" on that link to automatically request an email be sent to that user.  In Plaintiff's emails (ASP-00004), this prefix is even in the emails that were allegedly sent ***from*** the Defendants—this

would not happen in a normal email and this further suggests that these documents are a fake.  *See* Ex. D Affidavit of Roy Rector.

**3.     Defendants' Request for Relief**

Defendants cannot continue at this pace of cost and distraction from their business. News of this case is already causing business disruption and trepidation from customers in the wake of these allegations. In light of the revelations already discovered and the severe credibility issues with Plaintiffs' case, Defendants request that this Court order the following:

By **Monday, August 10, 2015** Plaintiffs will produce:

1. The electronic version (digital originals in native form) of APS 1-13 for inspection by opposing counsel, with full email headers and metadata.

2. All documentary evidence Plaintiffs have to corroborate the authenticity, source, and circumstances under which APS 1-13 were obtained, and how and to whom each page was sent.

By **Friday, August 14, 2015**, Plaintiffs will produce for deposition:

1. The APS employee "Craig" _____ who allegedly hired Thomas Fry. Plaintiffs are to produce to opposing counsel all documents regarding any of their or "Craig's" communications with Thomas Fry.

2. Thomas Fry. At least two days before the deposition Plaintiffs are to produce all communications with Mr. Fry and any communications in their possession obtained from Mr. Fry.  Mr. Fry will be added to the forensic search terms.

3. A corporate representative of Bubbletight. The Bubbletight representative must be informed and prepared to testify regarding the particulars of the alleged unauthorized access to Bubbletight's computers, whose computer

was accessed, how it was accessed, any proprietary information taken from the computers, and all steps taken by Bubbletight to investigate the alleged hack. At least 2 days before the deposition Plaintiffs are to produce all documents in their possession regarding these matters.

4. The "Green Turtle". If Plaintiffs are unable to locate the "Green Turtle" Plaintiffs must provide the Court and counsel a full explanation of all steps they have taken to locate this person, his real name, address, and a working phone number where he can be reached, details of all communications between Plaintiffs and Green Turtle, and any evidence in Plaintiffs' possession to corroborate the identity, existence, whereabouts, and involvement of Green Turtle in this matter.

These revelations are in addition to the other serious credibility issues with Plaintiffs' case. *See* Ex. E (showing that Defendants changed the specs in their brochures in December 2014, long before the alleged hack). *See also* Ex. F (showing that the alleged "Green Turtle" doesn't live at the address given by the Plaintiffs. Until Plaintiffs produce this basic information regarding their core allegations, aside from forensic preservation of the parties' computers, additional discovery should be stayed to avoid burdening the Defendants with unnecessary costs, expenses and distraction.

                     Respectfully submitted,

                     */s/ Wesley G. Lotz*
                     Wesley G. Lotz
                     State Bar No. 24046314
                     wlotz@fulkersonlotz.com
                     Southern District I.D. No. 584646
                     FULKERSON LOTZ LLP
                     700 Louisiana Street, Suite 5200
                     Houston, Texas 77002-2773
                     Telephone:   713.654.5800
                     Facsimile:    713.654.5801

                     ATTORNEY-IN-CHARGE FOR DEFENDANTS
                     ANDREW SHERMAN AND TERVES INC.

OF COUNSEL:
Jerry L. Mitchell
State Bar No. 14214650
Southern District I.D. No. 12653
Email: jmitchell@fulkersonlotz.com
Ethan G. Gibson
State Bar No. 27073131
Southern District I.D. No. 1145802
egibson@fulkerstonlotz.com
FULKERSON LOTZ LLP
700 Louisiana Street, Suite 5200
Houston, Texas 77002-2773

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this document was served on counsel of record in accordance with the Federal Rules of Civil Procedure vi the District Court's Case Management/Electronic Case Filing System on August 7, 2015.

| | |
|---|---|
| Edward L. Friedman | efriedman@bakerlaw.com |

BAKERHOSTETLER LLP
811 Main Street, Suite 1100
Houston, Texas 77002
Telephone:   713.751.1600
Facsimile:    713.751.1717

ATTORNEY FOR PLAINTIFFS

| | |
|---|---|
| Xerxes (Zak) K. Patel | zak@zakpatellaw.com |

THE ZAK K. PATEL LAW FIRM, PLLC
4141 Southwest Freeway, Suite 250
Houston, Texas 77027
Telephone:   713.570-6000
Facsimile:    832.514.7046

ATTORNEY FOR DEFENDANT
JAMES HUDDLESTON


　　　　　　　　　　　　　　　　 /s/ Wesley G. Lotz
　　　　　　　　　　　　　　　　Wesley G. Lotz